IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

HEATHER CHANTELL CUDE,

    Plaintiff,

vs.                                    No.: _____

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC., a foreign corporation,
and MAYRA HERNANDEZ,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW Plaintiff Heather Chantell Cude, by and through her attorneys, Dathan Weems Law Firm, LLC (Bridget Hazen), and files her Complaint against CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. and MAYRA HERNANDEZ ("Defendants").

## NATURE OF CASE

1. This is a negligence and negligence per se cause of action to recover damages arising from a commercial bus and tractor trailer crash which occurred on May 1, 2019 on Highway 145 near mile marker 65 in San Miguel County, Colorado.

## PARTIES, JURISDICTION AND VENUE

2. Heather Chantell Cude resides in San Juan County, New Mexico.

3. Upon information and belief, at all times relevant to the Complaint, Defendant Clean Harbors Environmental Services, Inc. (hereafter "Clean Harbors") was a foreign corporation engaged in the business of interstate trucking, doing business in and traveling over the highways of the State of Colorado. Clean Harbors' principle place of business

is Norwell, Massachusetts.

4. At all times relevant to this case, Clean Harbors was a motor carrier operating under the authority of the Federal Motor Carrier Safety Administration with United States Department of Transportation carrier number 00180743.

5. Upon information and belief, at all times relevant to the Complaint, Defendant Mayra Hernandez (hereafter "Hernandez") was an individual domiciled in Colorado, and was an owner, agent, employee, operator, and/or servant of the corporate Defendant and was acting within the course and scope of her employment or agency with them.

6. Venue is properly before this Court pursuant to Colo. R. Civ 98(c)(5).

7. This Court has jurisdiction over Plaintiff's claims pursuant to Article VI of the Colorado Constitution.

8. There exists a diversity in citizenship between Plaintiff (New Mexico) and Defendants (Massachusetts and Colorado) and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). This Court therefore has original jurisdiction pursuant to 28 U.S.C. Section 1332.

## FACTS COMMON TO ALL COUNTS

9. On May 1, 2019, Hernandez was driving southbound on Highway 145 in San Miguel County, Colorado, acting within the course and scope of her employment, in a 2016 Peterbilt 348 vocational truck, red in color, bearing license plate number P1001507 (hereinafter the "vocational truck").

10. During all times relevant to this case, Clean Harbors was the owner of, and motor carrier operating, the vocational truck assigned to Hernandez.

11. Hernandez operated the vocational truck under Clean Harbor's full direction and control.

12. Clean Harbors remained at all times responsible for safe operation of the vocational truck and is responsible as a matter of law for Hernandez's conduct in operating it under the doctrine of *Respondeat Superior*.

13. Near mile marker 65 on southbound Highway 145, Hernandez lost control of the vocational truck while navigating a left curve.

14. The driver of a 2018 Van Hool bus traveling in the northbound lane and containing Plaintiff, swerved into an embankment on the right, avoiding being pushed off a separate steep embankment.

15. The truck collided with the bus.

16. Hernandez was cited for careless driving in violation of Colo. Rev. Stat. Ann. Section 42-4-1402 at the time of the collision.

17. As a result of the collision, Plaintiff suffered serious bodily and emotional injuries as further described herein.

## COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

18. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

19. Defendant Clean Harbors is responsible for the acts and omissions of Defendant Hernandez pursuant to the doctrine of *Respondeat Superior*.

20. Defendant Hernandez owed Plaintiff a duty of ordinary care to operate the Clean Harbors vocational truck she was operating at the time of the crash in a safe manner.

21. Defendant Hernandez breached her duty by, among other things:

a. Failing to keep a proper lookout;

b. Failing to control the vehicle;

c. Driver fatigue, incompetence, or inattention;

d. Driving at an unsafe speed;

e. Failing to timely apply her brakes;

f. Failing to see what is in plain sight;

g. Failing to see what is obvious and apparent to someone under like or similar circumstances;

h. Failing to appreciate and realize what was reasonably indicated by that which was in plain sight;

i. Failing to exercise due care in the operation and maintenance of the Clean Harbors vocational truck she was operating;

j. Failing to operate the Clean Harbor vocational truck in a safe and reasonable manner and under control in light of the circumstances;

k. Operating the Clean Harbor vocational truck while inattentive to other vehicles and roadway conditions;

l. Operating the Clean Harbor vocational truck in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of streets and highways and all other attendant circumstances in violation of Colo. Rev. Stat. Ann. Section 42-4-1402;

m. Becoming distracted while driving;

n. Operating the Clean Harbor vocational truck while overly fatigued; and

      o. Otherwise acting without the reasonable care required of her under the circumstances.

22. Hernandez's breach of these duties was the direct and proximate cause of the injuries to and the damages incurred by Plaintiff.

23. Hernandez was Clean Harbor's statutory employee, employee-in-fact, and agent at the time of the crash. Hernandez was operating Clean Harbor's vocational truck in the course and scope of her employment with the corporation at the time of the crash, and Clean Harbors otherwise authorized, participated in, and ratified her conduct.

24. Clean Harbors is liable for the damages caused by any and all of Hernandez's wrongful acts and omissions related to the injuries to Plaintiff.

## COUNT II: NEGLIGENCE PER SE AGAINST DEFENDANT HERNANDEZ

25. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

26. Colo. Rev. Stat. Ann. Section 42-4-1402 provides that a person who drives a motor vehicle, bicycle, electrical assisted bicycle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving.

27. Defendant violated the statute as set forth in the statement of facts.

28. Plaintiff, as a passenger of a bus traveling on Colorado state roadways, was in the class of persons the legislature sought to protect in enacting the statute.

29. The injuries and harm to Plaintiff as described in the statement of facts is the harm the

legislature specifically sought to prevent.

30. Defendant's violation of Colo. Rev. Stat. Ann. Section 42-4-1402 was the direct and proximate cause of the harms to Plaintiff as set forth herein and Plaintiff is entitled to damages as a matter of law.

31. Defendant's negligence per se was the direct and proximate cause of Plaintiff's injuries and damages, and Plaintiff is entitled to damages as a matter of law.

## COUNT III: CLAIM FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST CLEAN HARBORS

32. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

33. Defendant Clean Harbors had a duty to exercise ordinary care in the hiring, training, and supervision of its employees in a manner that provided for the safe operation of a vocational truck in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

34. Defendant Clean Harbors knew or should have known that Hernandez lacked adequate training and experience to safely operate a vocational truck in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

35. Defendant Clean Harbors, because it knew or should have known of the lack of supervision, experience, and training of Hernandez, also had reason to know that Hernandez was likely to harm members of the general public traveling on roadways, including Plaintiff.

36. Defendant Clean Harbors, through its employees and agents, intentionally, willfully,

recklessly, or negligently did not use the ordinary care of a reasonably prudent entity by committing acts and omissions including the following:

    a. Choosing not to have or enforce adequate policies and procedures relating to the safe operation of a vocational truck in compliance with all relevant federal and state statutes, rules, regulations, codes and ordinances;

    b. Choosing not to conduct adequate training of supervisors, staff, or drivers to prevent unsafe operation of a vocational truck;

    c. Choosing not to adequately supervise to prevent unsafe operation of a vocational truck by its drivers;

    d. Choosing not to take adequate steps to safely operate or maintain the vocational trucks operated by its drivers;

    e. Failing to monitor fitness to operate a vocational truck in interstate travel; and

    f. Otherwise failing to act with the reasonable care required of it under the circumstances.

37. In failing to exercise reasonable care in the hiring, training, and supervision of its employees, including Hernandez, relative to their ability to safely operate a vocational truck, Defendant Clean Harbors breached its duties and was negligent.

38. The negligence of Defendant Clean Harbors was the direct and proximate cause of Plaintiff's injuries and Plaintiff is entitled to damages as a matter of law.

### COUNT IV:  CLEAN HARBOR'S NEGLIGENT ENTRUSTMENT

39. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

40. Defendant Clean Harbors gave Hernandez permission to operate a vocational truck for the company.

41. Clean Harbors knew or should have known that Defendant Hernandez was incompetent or unfit to drive the motor vehicle.

42. Hernandez was negligent in the operation of the vocational truck she operated for Clean Harbors.

43. Defendant Hernandez's incompetence was a substantial factor in causing Plaintiff's injuries.

44. Clean Harbor's negligent entrustment of Defendant Hernandez to drive for the company was a direct and proximate cause of Plaintiff's injuries.

45. Clean Harbor's acts and omissions related to entrusting Hernandez with the vocational truck were reckless, willful, and wanton.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

47. Defendant Hernandez's negligent conduct created an unreasonable risk of physical harm to Plaintiff.

48. The collision traumatized Plaintiff, as she perceived the bus was being pushed off the steep embankment and believed she was about to die.

49. Defendant's conduct caused physical consequences and long-continued emotional

disturbance for Plaintiff.

50. Plaintiff suffered mental injury and continues to suffer great anxiety, depression, and post-traumatic stress as a result of this trauma for which she must attend therapy to manage.

51. Defendants' negligence is the direct and proximate cause of Plaintiff's emotional distress, and Plaintiff is entitled to damages as a matter of law.

## COUNT VI: PUNITIVE DAMAGES

52. Plaintiff adopts and incorporates all other paragraphs of this Complaint for purposes of this claim.

53. The acts and omissions of the Defendants were willful, wanton, and in reckless disregard of the rights of the Plaintiff.

54. Defendants therefore should be held responsible for punitive damages beyond the other damages set out herein.

## DAMAGES

55. As the proximate result of Defendants' negligent acts and/or omissions described herein, Plaintiff suffered severe personal injuries. Specifically, Plaintiff suffered pain, mental suffering and anguish, physical impairment, medical expenses, loss of household services, and lost wages for which Plaintiff is entitled to recover.

56. Plaintiff seeks damages including, but not limited to:
    a. Pecuniary and nonpecuniary injuries to Plaintiff arising from the injuries she suffered;
    b. The worth of Plaintiff's lost wages;

    c. The worth of Plaintiff's loss of household services;

    d. Pain and suffering, including emotional distress, endured by Plaintiff arising from the injuries she suffered; and

    e. All damages to Plaintiff that are fair and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

A. Judgment jointly and severally against all Defendants on all claims;

B. Monetary damages, including punitive damages, in an amount to be determined at trial;

C. Prejudgment and post-judgment interest;

D. An award of its attorneys' fees, costs, and expenses in bringing this lawsuit; and

E. All other relief that law and justice require.

## TRIAL BY JURY IS HEREBY DEMANDED

Respectfully submitted,

DATHAN WEEMS LAW FIRM, LLC

*s/ Bridget Hazen*
Bridget Hazen
108 Wellesley Drive SE
Albuquerque, NM 87106
(505) 247-4700
Attorney for Plaintiff